HENRY J. GOODWIN et al., Respondents, *v.* JULIUS BUNZL et al., Appellants.

An undertaking given on appeal from a judgment, in replevin to the General Term, instead of being in the form of an undertaking to stay pro-

ceedings on appeal in such an action (Code of Civ. Pro., § 1329), was in the form prescribed to stay (§ 1327) execution on a money judgment. It was properly served, acknowledged, approved, filed, and a copy served on plaintiffs' attorneys. The attorneys on both sides treated the undertaking as appropriate and effectual to stay proceedings. Plaintiffs' attorneys excepted to the sufficiency of the sureties, but at the request of defendants' attorneys withdrew the exception and took no steps to enforce the judgment until the decision of the appeal. In an action upon the undertaking, *held*, that as no undertaking was requisite upon the appeal except to stay proceedings, the giving of it was an idle ceremony, unless it was intended to secure that object; that the transaction was in legal effect a forbearance at the request of defendants on consideration of the undertaking—that it was not illegal or taken *colore officii*, and was founded on a good consideration, and so should be held to inure as a good common-law agreement, enforceable according to its terms.

*Post* v. *Doremus* (60 N. Y. 371), distinguished.

The judgment in the replevin suit was against three defendants; it was affirmed as to two and a new trial granted as to the third; on such new trial a judgment was found in his favor. *Held*, that this did not discharge the sureties.

(Argued March 24, 1886 ; decided April 13, 1886.)

APPEAL from judgment of the Superior Court of the city of New York, entered upon an order made May 9, 1884, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

This action was upon an undertaking given on appeal to the General Term.

The material facts are stated in the opinion.

*Melville H. Regensburger* for appellants. Where an appeal is taken from a judgment for the recovery of a chattel it does not stay the execution of the judgment, until the appellant gives a written undertaking in a sum fixed by the court below, or a judge thereof, to the effect that the appellant will obey the direction of the appellate court upon the appeal. (Code, § 1329.) No greater force or effect will ever be given to a statutory obligation than is contemplated by the statute. (*Hinckley* v. *Kreitze*, 58 N. Y. 583 ; *Post* v. *Doremus*, 60 id. 371.) The failure of the sureties to justify has the same effect as though no undertaking had been given. (*Manning* v. *Gould*, 90 N. Y. 476.)

*Wm. F. MacRae* for respondents. The undertaking having been approved by the court, and its sufficiency allowed, and all parties having considered and treated it as fulfilling all the requirements necessary to perfect a stay, defendants are estopped from questioning or denying its force and obligation. (*Harrison* v. *Wilkins,* 69 N. Y. 412; *Hill* v. *Burke,* 62 id. 111; *Wheaton* v. *Fay,* id. 275; *Coleman* v. *Bean,* 3 Keyes, 94.; *Decker* v. *Judson,* 16 N. Y. 439; 2 R. S. 286, § 59; *Toles* v. *Adee,* 84 N. Y. 234.) But, as between the parties, they can validly agree on any kind of agreement or security. (*Toles* v. *Adee, supra ; Winter* v. *Kenney,* 1 N. Y. 365; *U. S.* v. *Hodgson,* 10 Wall. 395.) Judgment was affirmed as against defendants Goldsmiths, and the undertaking being on behalf of them, as well as on behalf of Wertheimer, one of the conditions fixing liability was incurred against defendants, as the execution against the Goldsmiths was returned unsatisfied, and the judgment unpaid. (*Seacord* v. *Morgan,* 3 Keyes, 636; *Auerbach* v. *Marks,* 10 Daly, 171; *Imbush* v. *Farwell,* 1 Black, 566; *Gardner* v. *Barney,* 24 How. 467.) The judgment being in the alternative for a delivery of the chattels, or to pay their value as fixed in the judgment, the undertaking was expressly within the provisions of section 1327 of the Code, and was valid under that section. (Code, § 1327.) All that is required in any case is that "it conforms substantially to the form prescribed by the statute." (Code, § 729 ; *Cook* v. *Freudenthall,* 80 N. Y. 211; *Claflin* v. *Ball,* 43 id. 401; Burrill's Law Dic., citing 1 Cush. 76.)

ANDREWS, J. Under the Code no security is required to perfect an appeal to the General Term from a judgment. It is necessary only when the appellant desires a stay of proceedings pending the appeal. (Code, § 1351.) The giving of the undertaking in this case was, therefore, an idle ceremony, unless it was intended to secure this object. The attorneys on both sides treated the undertaking as appropriate and effectual for that purpose. It was signed and acknowledged by the sureties, was approved by a judge, and filed in the office of the clerk, and a copy was served on the plaintiffs' attorneys, accom-

panied with a written notice by the defendants' attorney. The plaintiffs' attorneys at first excepted to the sufficiency of the sureties, but afterward, upon the request of the attorney for the defendants, and upon his assurance that the sureties were responsible, withdrew the objection and consented to accept the undertaking, and they took no proceedings to enforce the judgment until after the determination of the appeal. The transaction was in legal effect a forbearance on the part of the plaintiffs, at the request of the defendants, to pursue their legal remedy against the defendants, pending the appeal, in consideration of the undertaking. The undertaking was in the form prescribed by section 1327 of the Code for undertakings to stay execution on money judgments. It was not in the form of the statutory undertaking prescribed for undertakings to stay proceedings on an appeal from a judgment for the recovery of chattels. (Code, § 1329.) But the undertaking was not illegal; it was not taken *colore officii* (*Cook* v. *Freudenthal*, 80 N. Y. 202), and it is founded on a good consideration. It should be held, we think, to inure as a good common-law agreement, enforceable according to its terms. (*Decker* v. *Judson*, 16 N. Y. 439.) This conclusion accords with the sense of justice, and is not precluded by the authorities. The case of *Post* v. *Doremus* (60 N. Y. 371) was put upon two grounds : *first*, that there was no consideration for the defendants' promise, and, *second*, that the event upon which the liability depended, had not happened. In this case there was ample consideration, and the liability of the sureties, according to the terms of the contract, was established by proof that the judgment was affirmed on the appeal as to two of the defendants (*Seacord* v. *Morgan*, 3 Keyes, 636), and that execution against them had been returned unsatisfied, and that the property had never been delivered to the plaintiffs. The point that the subsequent proceedings on the new trial, in which judgment found in favor of Wertheimer, discharged the defendants, is, we think, untenable.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.