## GEORGE W. PIERSON, RESPONDENT, *v.* DANIEL T. ELLS, APPELLANT.

*Injunction restraining the defendant from doing several acts specified in the order — a surety on the undertaking is liable although the injunction be sustained as to one of such acts.*

This action was brought upon an undertaking, executed by the present defendant as surety on an application for an injunction, made in an action brought by one Briggs against Pierson, the plaintiff in this action. The injunction order granted in that action enjoined the defendant from doing nine particular acts which were specified in the order.

Upon the trial of that action it was determined that the plaintiff was entitled to an injunction restraining the defendant from carrying on the livery business on certain premises specified in the order, but was not entitled to an injunction restraining him from doing or performing any of the other acts mentioned in the said order of injunction.

*Held,* that a judgment of the trial court allowing the plaintiff herein to recover in this action the damages which he had sustained by reason of such order, excepting any damages he might have sustained by reason of that portion of the order which enjoined him from carrying on the livery business, should be affirmed.

That when the court in the first action finally decided that the plaintiff was not entitled to the particular injunction granted therein, but only to an injunction restraining one of the acts therein enumerated, the defendant became liable on his undertaking.

APPEAL from a judgment in favor of the plaintiff, entered in Oswego county, upon the trial of this action by the court without a jury.

*Louis Marshall,* for the appellant.

*George W. Bradner,* for the respondent.

MARTIN J.:

This action was on an undertaking executed by the defendant. The undertaking was given on an application for an order of injunction in the case of *Briggs* v. *Pierson.* The order granted enjoined the defendant in that action (1), from using the carriage floor of a building known as Park livery, except room for two or three buggies on the south side thereof; (2), from using any of the twelve stalls and the box stall on the north side of the stable therein; (3), from using said stable floor north of the center thereof; (4), from preventing the plaintiff in that action from using the wash rack in the

carriage-room; (5), from meddling with the south street doors to, and the stairs leading to the dwelling-rooms to said building; (6), from meddling with said dwelling-rooms, or any of them; (7), from locking the doors to the ten-feet alley on said premises north of said building; (8), from removing the manure in said alley, and from interfering with plaintiff's removal thereof; (9), from carrying on the livery business of letting horses and carriages for hire from or upon said premises.

On the trial of the action of *Briggs* v. *Pierson* it was determined that the plaintiff was entitled to an injunction restraining the defendant from carrying on the livery business on said premises, but that the plaintiff was not entitled to an injunction restraining the defendant therein from doing or performing any of the other acts mentioned in said order of injunction.

On the trial of this action the court held that the plaintiff was entitled to recover of the defendant the damages which the plaintiff had sustained by reason of such order, excepting any damages he might have sustained by reason of that portion of the order which enjoined him from carrying on the livery business. Such damages had been previously assessed by a referee appointed for that purpose. The court ordered a judgment for the plaintiff for the amount of damages as assessed by such referee, and interest from the commencement of this action. From the judgment entered on such decision the defendant appeals.

The single question presented is, whether there was such a breach of the defendant's undertaking as to entitle the plaintiff to a recovery. The defendant contends that there was not. He claims that as the court determined that the plaintiff in the injunction action was entitled to an injunction to restrain one of the acts mentioned in the order, there was no breach of the undertaking given on obtaining it. In other words, the defendant's position is that if his principal had the right to enjoin the plaintiff from performing any one particular act, he might procure an injunction restraining him from performing that and any number of other acts, and still the person signing his undertaking not be liable thereon. We do not think such a position can be sustained.

Such was not the contract of the defendant. The defendant's undertaking was that the plaintiff in the injunction action should

pay to the defendant in that action such damages not exceeding the sum of $250, as he might sustain by reason of *such injunction,* if the court should finally decide that the plaintiff was not entitled thereto. This undertaking described the injunction and recited all the acts which were restrained by the order. The words "such injunction" clearly referred to the injunction granted, which enjoined all the acts enumerated. The defendant's contract was, should the court finally decide that the plaintiff was not entitled thereto, that is, to the particular injunction described therein, then he would pay the defendant such damages as he should sustain by reason thereof, not to exceed $250.

In this case the court has finally decided that the plaintiff in that action was not entitled to such an injunction. It is true that the court held that the plaintiff in that action was entitled to *an* injunction restraining the defendant from performing one of the enumerated acts, but such was not the injunction granted. The injunction granted was to restrain all the acts enumerated, which is quite another order from one restraining a single act. The effect of the defendant's contention would be, to require us to construe this undertaking as though it had provided that the plaintiff would pay only in the event that the court should finally decide that the plaintiff was not entitled to any injunction whatever. Such is not a proper construction of the language employed. The language of the undertaking is definite. It relates to the particular order granted and to none other. And when the court finally decided in that case that the plaintiff was not entitled to the injunction granted, but only to an injunction restraining one of the acts enumerated, the defendant became liable on his undertaking. We not only regard this as a proper construction of the language of the undertaking but such was the evident intent of the statute relating to the security to be given on an application for an order of this kind.

We think this case was properly decided by the trial court, and that the judgment herein should be affirmed, with costs

FOLLETT, J., concurred.

HARDIN, P. J.;

I concur in the construction given in the foregoing opinion of MARTIN, J. It accords with the spirit of the statute requiring an

undertaking before issuing an injunction. When the plaintiff seeks to restrain more than one act he in effect unites two or more acts or causes for an injunction and should be held to have given an undertaking with like force and effect as several undertakings for different acts or causes for injunction. (See *Seacord* v. *Morgan*, 3 Keyes, 643: *Goodwin* v. *Bunzl*, 102 N. Y., 224.)

Judgment affirmed, with costs.