The Mayor, Aldermen and Commonalty of the City of New York, Respondent, *v.* Erastus Crawford, et al., Appellants.

Mechanics' liens having been filed pursuant to the act of 1878 (Chap. 315, Laws of 1878), upon a balance unpaid by the city of New York on a contract with V. for the building of a school-house for the city, and notices of the pendency of actions to foreclose said liens having been served, the city paid over the balance to the contractor upon receiving a bond conditioned that the obligors would save the city harmless from " any judgments, costs, damages, claims, or recoveries in said above-named actions," and would pay any judgment against the city recovered in any such action. In an action upon the bond, it appeared that said actions were consolidated and a judgment was recovered establishing the amounts of the respective liens and directing the city to pay the same out of the contract balance in its possession, " or secured to be paid to it· by the bond referred to," but declaring that no personal judgment was given against the city. *Held*, that the debts due the lienors became, by force of the statute a positive incumbrance upon the balance, and made the lienors creditors of the city in lieu of the contractor, and subrogated them to his right of recovery; that the judgment rendered was within the condition of the bond, as the city was bound to pay it to the extent of its liability to the contractor, and the statute authorized its enforcement by execution; that the provision of the judgment against a personal judgment did not nullify or render incapable of enforcement the judgment actually rendered.

The lienors' judgment was subsequently amended by striking out the clause as to a personal judgment and inserting instead a provision giving such a judgment and authorizing execution against the city. *Held*, that the amendment in no respect enlarged or changed the contract of the sureties or affected their liability, and so was no defense.

(Argued November 26, 1888; decided January 15, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 16, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This action was against the sureties upon a bond of indemnity executed by Peter J. Vanderbilt as principal and the defendants as sureties.

The recitals and condition of the bond are as follows:

" *Whereas,* The board of education of the city of New York, did, on the 18th day of July, A. D., 1879, enter into a contract with one Peter J. Vanderbilt of the city and county of New York, for the erection, in part, of a school-house at the north-westerly corner of Lexington avenue and One Hundred and Fifth street, in the said city of New York, at and for the sum of $30,977, to be paid in cash to said Vanderbilt, in twelve installments, as in said contract expressed; and,

" *Whereas,* There is now due and to grow due, to the said Vanderbilt under the said contract, the sum of fourteen thousand four hundred and seventy-seven dollars ($14,477), to wit., the five last installments in said contract specified; and,

" *Whereas,* Certain persons assuming to act under and in pursuance of chapter 315 of the Laws of 1878, have filed notices of lien or claims, as against said last mentioned sum of $14,477, with certain notices of the pendency of actions to enforce said liens:

" The condition of this obligation is such that if the above named and bounden Peter J. Vanderbilt, Erastus Crawford and Alfred W. Budlong, or either of them, shall save and keep harmless the said mayor, aldermen and commonalty of the city of New York, and the board of education, and the board of school trustees in the twelfth ward in such city, of and from any judgments, costs, damages, claims or recovery in said above named actions, or any of them, and shall well and truly pay any judgment that may be recovered in said actions, or any of them, against the mayor, aldermen and commonalty of the city of New York, or the said board of education, or said board of school trustees, then the above obligation to be void; otherwise to remain in full force and virtue."

After this bond was executed and delivered to the city, it paid to Vanderbilt the entire balance remaining unpaid to him at the time of the execution and delivery of the bond.

The actions in favor of the persons filing the notices of liens to foreclose the same were consolidated and judgments

were recovered in their favor against the administratrix of Vanderbilt, who had died after the time when all said payments had been made to him. The conclusion of the referee before whom the actions were tried as one suit was that these persons were " entitled to recover judgment against the said Jane Vanderbilt, as administratrix, etc., and the mayor, aldermen and commonalty of the city of New York, for the amounts severally found due them in the findings of fact, with interest from January 1, 1881, and costs."

Upon this report a judgment was entered in the Court of Common Pleas in which the proceedings were prosecuted, directing that the said sums so ordered to be paid by the city as specified, were to be paid out of the moneys earned under the contract, and which moneys it was stated " are in the possession of the mayor, aldermen and commonalty of the city of New York, or secured to be paid to it by the bond referred to."

Then followed this provision: " And it is further adjudged and decreed that no personal judgment is given in favor of either of the plaintiffs or lienors against the defendants, the mayor, aldermen and commonalty of the city of New York, the trustees of public schools of the twelfth ward of the city of New York, and Stephen A. Walker, as president of the board of education of the city of New York." An appeal was taken from the judgment to the General Term of the Court of Common Pleas, where it was affirmed, with costs to the several parties, and from that judgment it was appealed to the Court of Appeals, where it was in like manner affirmed. After this affirmance an application was made to strike out the last paragraph of the judgment, and to insert in its place a paragraph declaring that the several persons to whom the sums of money were directed to be paid should recover judgment for such sums respectively, and should have execution for them against the property of the mayor, aldermen and commonalty of the city of New York, and an order was made providing for this change in the form of the judgment.

Further facts appear in the opinion.

*T. Mitchell Tyng* for appellants. The plaintiffs cannot recover in this action, because the averment of the complaint that the judgment of March 26, 1885, as recovered and originally entered, was "a personal judgment" against the mayor, etc., of New York, the payment of which could be enforced by execution against the property of the corporation; and that because such an execution could be lawfully issued, the corporation was compelled to pay the judgment, was not proved. (*Connor* v. *Reeves,* 103 N. Y. 527.) Under the circumstances, while the corporation held this fund of $14,477 in its treasury, it was simply as trustee for the lienors and the contractor. (*People ex rel. Dannat* v. *Comptroller,* 77 N. Y. 45; *Poppenhusen* v. *Seeley,* 3 Abb. Ct. App. Dec. 615.) The liability of the defendants is *strictissimi juris;* it cannot be extended beyond the express terms of their contract. (*Ward* v. *Stahl,* 81 N. Y. 406; *National Bk.* v. *Conklin,* 90 id. 110; *Thompson* v. *McGregor,* 81 id. 592.) The judgment entered March 26, 1885, was purely a judgment *in rem,* which reached this fund of $14,477 and nothing else. (*Mittnacht* v. *Kellerman,* Daily Reg., May 17, 1887; *Gerould* v. *Wilson,* 81 N. Y. 573; *Stevens* v. *Mayor, etc.,* 84 id. 296; *Saltus* v. *Genin,* 3 Bosw. 250; *Barnes* v. *Quigley,* 59 N. Y. 265.) The alteration of the judgment of March 26, 1885, effected as it was, discharged the defendants from all liability to the plaintiffs under their bond. (*Bangs* v. *Strong,* 7 Hill, 250; *Grant* v. *Smith,* 46 N. Y. 93; *Calvo* v. *Davies.* 73 id. 211; *Paine* v. *Jones,* 76 id. 274.)

*D. J. Dean* for respondent. The validity of the judgments paid has been confirmed by the Court of Appeals. (*Bell* v. *Mayor, etc.,* 105 N. Y. 141.)

Finch, J. This action was brought upon a bond of indemnity, and resulted in a recovery against the sureties which they seek to reverse on this appeal. The city was building a school-house, for the construction of which they had contracted with one Peter J. Vanderbilt, agreeing to pay

him something over.$30,000, in twelve specified installments.
At the date of the bond there was a balance of over $14,000,
due and to become due, to the contractor, but its payment by
the city had been made perilous by the filing of mechanics'
liens, under chapter 315 of the Laws of 1878, and notices of
the pendency of actions to foreclose those liens. Their effect
upon the city was manifest. Under the law, payment to the
contractor was to be withheld, and the sums due him retained
to meet the emergency of a recovery by the lienors, and a
diversion to them of the sums due to the contractor; or,
payment was to be made to him at a risk, on the part of the
city, of a liability to pay a second time to the lienors the sums
already paid to the contractor. The extent of that risk is
apparent from the terms of the statute. The debts due the
lienors became a positive incumbrance upon the balance due
and to become due to the contractor, and made the lienors
creditors of the city in the room and stead of the contractor
himself, and subrogated them to his right of payment and
recovery. The lien was upon a specific fund only in the
sense that it could not exceed the balance due, but that balance
was in the city treasury, and separated from other moneys only
by the appropriations. It was thus a lien upon the debt or
liability of the city due to the contractor, and the necessary
effect of the lien when foreclosed was to make the city debtor
to the lienors to the extent of the balance earned and unpaid.

In this situation of affairs the bond sued on was given and
the facts thus far stated are derived from its recitals and the
terms of the statute. The sureties covenanted to protect the
city from " any judgment, costs, damages, claims or recovery "
in the actions prosecuted by the lienors, and to pay any judg-
ment that might be recovered against the city. Upon the
execution of this bond the city paid the contractor as if no
liens had been filed. It is obvious that the purpose of the
bond was to induce that payment and protect the city against
its consequences. The actions of the lienors went to judg-
ment. The validity and amount of their liens were established.
The judgment entered directed the city to pay the respective

amounts out of the contract balance in its possession or secured to be paid to it by the bond of indemnity, and was within the precise terms of the sureties' covenant; for that was not merely to pay a judgment recovered against the city, but to save it harmless from any judgment, damages, costs or recovery in the actions prosecuted by the lienors. Such a recovery had been obtained; the city was bound to pay it; the statute authorized its enforcement by execution; and while the judgment entered provided that no personal judgment was rendered against the city, that could mean only a general judgment irrespective of the amount of the balance and of the debt due to the contractor, and could not nullify or render incapable of enforcement the judgment actually rendered which required the city to pay to the extent of its liability to the contractor.

It cannot be maintained, therefore, either that the judgment recovered by the lienors could not be enforced against the city, nor that it was not within the terms of the bond.

The subsequent amendment of the judgment was rather formal than material, and, in no respect, enlarged or changed the liability of the sureties. That amendment did not touch or alter the terms of their contract. Those remained the same in all respects unchanged, and, without the amendment, the city would have been compelled to pay the lienors and the sureties to reimburse the city.

The argument of the appellants to the contrary necessarily nullifies the statute of 1878, and makes the giving of the bond little better than an absurdity. That argument is that under the statute the lien was upon the specific fund and execution could seize that alone, and since the city did not have it, because it had been paid to the contractor, there was nothing which the lienors could seize until the city repossessed itself of the money paid to the contractor. The city could only do that, if at all, by a suit against the contractor, and if he had nothing, would get nothing, and be liable to the lienors only for what it got. Thus the whole protection of the statute dwindles to a mere personal judgment against the contractor, which the lienors could have had without the singular inter-

vention of the statute, and the bond was idle and needless, for the city could pay with impunity and be liable to the lienors only in the event that it succeeded in getting the fund back from the contractor. No such construction is possible. The liability of the city to the lienors, whatever it may have done with the fund, is the very pith of the statutory protection, and to answer to the city for that liability was the exact purpose of the bond.

The question as to the extent of the recovery was not raised in such a manner as to be open to our review.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.