## BRANDT v. RADLEY et al.

(Supreme Court, Special Term, New York County. December 6, 1892.)

1. MECHANICS' LIENS—BOND TO DISCHARGE—LIABILITY OF SURETIES.
　　Laws 1885, c. 342, (relating to mechanics' liens,) § 24, subd. 6, provides that a lien may be discharged by the owner of the premises or the person against whom notice of lien is filed executing a bond with sureties, conditioned for the payment of any judgment which may be rendered against the property. *Held*, that no recovery can be had on such bond until the lienor, by an independent action, shows that he had a lien which he could have asserted against the property but for the giving of the bond.

2. SAME—PARTIES.
　　In such action to establish the right to a lien all persons interested in the premises as lienors, owners, or incumbrancers must be made parties.

Action by Brandt against Radley and others on a bond given under Laws 1885, c. 342, § 24, subd. 6, to discharge a mechanic's lien. Defendants demur to the complaint. Demurrer sustained.

Bartlett, Wilson & Hayden, for plaintiff.
Mapes, Kelley & Fitzgerald, for defendants.

PATTERSON, J. The questions presented by the demurrer in this case are said by counsel on both sides to be novel, and, so far as any decision of this court is concerned, I cannot find that they have been adjudicated. They arise under the peculiar provisions of subdivision 6 of section 24 of the mechanics' lien law of 1885. The action is brought by a lienor—a subcontractor—against the principal contractors and against the representatives of a deceased owner of a building for work done on such building, and it appears from the complaint that, after the plaintiff filed a notice of lien, a bond with sureties was given by the owner to discharge the lien, pursuant to the terms of the act referred to. It also appears from the complaint that prior to the time the plaintiff's lien was filed other liens had been put upon the property, and it is alleged that those liens were not valid, and that the persons filing them had no claims against the property. With reference to the bond, the alle-

gations of the complaint show that·it·was filed pursuant to proper proceedings taken under the act. The action is framed apparently both to foreclose the lien and to recover judgment against the parties liable on the bond, the two causes of action being, in effect, united. The demurrer to the complaint is based upon two grounds: First, that it does not state facts sufficient to constitute a cause of action; and, secondly, that there is a defect of parties, in that the lienors other than the plaintiff have not been joined in the action.

The whole difficulty connected with the subject under consideration arises from a crude or imperfect expression of what was intended by subdivision 6 of section 24 of the mechanics' lien law; and the real questions involved are: First, what is the proper construction of such subdivision 6; and, secondly, what is the proper procedure in a case in which a bond has been given to discharge a lien, and in and by which bond the sureties under the terms of the statute become liable, not in the first instance, as for a fixed sum, but only secondarily, according to the obligation they assume, which of course must be strictly construed? By this sixth subdivision of the twenty-fourth section, which relates to how a lien may be discharged, it is provided that such discharge may be operated by the owner of the premises, person or persons, firm or firms, corporation or associations, against whom or which the notice of lien is filed, executing, with two or more sufficient sureties, who shall be freeholders, a bond, etc., to the clerk of the county in which the premises are situated, in such sum as the court may direct, not less than the amount claimed in said notice, conditioned for the payment of any judgment which may be rendered against the property, and then that, upon the approval of said bond by the court or a judge thereof, an order discharging such lien may be made by the court or a judge thereof. The language of this section is ambiguous, and seemingly contradictory in terms. The filing of the approved bond discharges the lien ipso facto, and, that being so, there can be no possibility of a judgment being rendered to be enforced against the property. Security in this action having been given, those who executed it, apart from the owner of the property or the principal obligor, must simply stand in the ordinary relation of sureties, and, in fact, are so named in the act. It seems to be apparent that it was the intention of the legislature to clear the property from the lien by the giving of the bond, and that the bond should stand in the place of the property, and to it the lien should be transferred for enforcement, instead of the property. But that does not in any way change the relations existing between all those who may have liens upon the property, and those who have become liable upon the bond. The sureties do not assume an independent liability, directly enforceable against them, whether the lien is good or not, but all of their liability consists in the obligation to respond to the lienor for so much, if anything, as he might be entitled to in case he had the right to enforce his lien directly against the property. Any other construction of this act is simply impossible, would make it unintelligible, and would defeat the very purpose which seems to have been intended by the legislature.

Although this question has not been disposed of in this court, it has been before the general term of the court of common pleas twice, and, as that is the court in which cases of this character are generally brought, its decisions are entitled to very great respect. In two cases the subject was before that court, and although, perhaps, on reading the records of those cases, the points were not necessarily and directly raised, yet the views expressed give a reasonable construction to the statute, and make a homogeneous system respecting the enforcement of liens under this peculiarly worded law. I think there is a clear, proper, and reasonable construction of the statute given in those cases. The first is Copley v. Hay, (Com. Pl. N. Y.) 12 N. Y. Supp. 277. In that case the bond recited, as in this, that it was conditioned for the payment of any judgment that might be rendered against the property, and it was held that there must be a formal judgment of foreclosure against the property, and, as to the inconsistency between the absolute discharge of the lien and the maintenance of an action to enforce it against the property, construction was given to the act that it should be read as if the provision stood conditioned for payment of any judgment recovered by the lienor in an action in which judgment might have been rendered against the property if no bond has been filed. I agree with the learned court that, in order to make sense of this provision of the statute under consideration, it is necessary to import into it such a consideration; and I further agree with it that there can be no recovery whatever upon the bond, unless the plaintiff shows that he had a valid lien upon the premises when the bond was filed, and that, therefore, it is necessary, in the action upon the bond, that the plaintiff show that he was entitled under the law to a lien, which, but for the filing of the bond, could be enforced against the property. The other case is that of Scherrer v. Music Hall Co., (Com. Pl. N. Y.) 18 N. Y. Supp. 459, in which the construction of this act arose as to who are proper parties. In that case the plaintiff made other lienors and incumbrancers upon the property parties, and it was said that, where premises upon which a mechanic's lien has been filed are discharged by the filing of a bond, the lienor's right to hold the sureties depends upon his obtaining a judgment against the property,—that is to say, one obtained in an action in which he establishes a right to a judgment of foreclosure of the premises, enforceable by a sale, except for the filing of a bond; and the lienor must establish the existence of a valid lien upon the premises at the time of the filing of the bond; and that (as in this case) it is necessary for the subcontractor to show that there is a sum due from the owner to the contractor, sufficient, after the payment of prior liens, to satisfy the claim asserted. Now, that seems to me to be the reasonable construction of the statute, and that, therefore, in an action of this kind, in order to establish a right against the sureties, all the parties who would be ordinarily parties to an action to foreclose a mechanic's lien, must be before the court, that it may settle their rights, and decide upon the questions of the amount, priority, and enforceability of the various liens; for the obligations of the sureties upon a bond of this char-

acter must necessarily relate only to such a right of recourse as would result from the enforceability of the lien to secure which the bond is filed, in connection with the situation of all the parties, and the subjection of the property to the enforcement of the particular lien to secure which the bond is given. For these reasons I think this action has been improperly framed, and that there is nothing in subdivision 6, nor in the section relating to the discharge of liens, which places an action to foreclose a lien, where a bond is given, upon any other basis than that provided for, when recourse is had against the property, except that upon the filing of the bond the property is relieved, and no judgment of foreclosure by sale can be ordered. But before the liability of the sureties can be ascertained or enforced it is necessary that there should be an adjudication which determines that the lienor seeking to enforce the bond would have been entitled, but for the filing of the bond, to specifically enforce that lien against the property; and, in order that that may be done, it is necessary that all the parties interested in the premises as lienors, owners, or incumbrancers should be before the court, and the whole matter adjusted as between a subcontractor and such parties with reference to his right to realize out of the property. This would lead, it seems to me, to this conclusion: That in an action framed as this is, the liability of the sureties cannot be enforced until it is determined in an independent action that the lienor who asserts his claim against the bond had a lien which he could have asserted against the property but for the giving of the bond; and to such an action every person interested, as before stated, should be made a party. The judgment in that action would determine the right to the lien, but, of course, would not provide for a sale of the premises. It is only by such a judgment, it seems to me, that the liability of sureties can become fixed. There is nothing in the phraseology of this act which, as I construe it, declares that they shall be liable primarily, or until it can be fully ascertained in an action, to which all persons interested are parties, what is the sum, if any, for which they are to be bound. The terms of the statute are that they are simply sureties, and they do not stand in the relation in which sureties on judicial undertakings are sometimes held liable in the first instance in an action in which they are joined with their principal.

For these reasons the demurrer must be sustained, with costs.