Follett and O'Brien, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

Thomas Sheffield, Appellant, *v.* Nicholas Murray, Respondent, Impleaded with Others.

*Appeal from an order sustaining or overruling a demurrer — bond given to discharge a mechanic's lien — the liability of the sureties is not affected by the amount of the bond being in excess of the jurisdiction of the court fixing its amount.*

An appeal from an order sustaining or overruling a demurrer is not permitted by the Code of Civil Procedure. The appeal must be from the judgment.

Where a bond is given for the purpose of discharging of record a mechanic's lien, and is treated by all the parties in interest as valid, and upon the faith of it the mechanic's lien is discharged of record, an action can be maintained upon the same although the amount thereof exceeds the jurisdiction of the court which makes the order fixing the amount of the bond to be given to discharge the lien.

Appeal by the plaintiff, Thomas Sheffield, from an interlocutory judgment of the Supreme Court in favor of the defendant Nicholas Murray, entered in the office of the clerk of the county of New York on the 20th day of April, 1894, upon the decision of the court rendered at the New York Special Term dismissing the plaintiff's complaint as to the said Nicholas Murray, with notice of an intention to bring up for review upon such appeal an order made at

the New York Special Term, and entered in said clerk's office on the 13th day of March, 1894, overruling the plaintiff's demurrer to the new matter set up in the answer of the said defendant and directing that the plaintiff's complaint be dismissed as to such defendant.

*M. E. Halpin,* for the appellant.

*F. B. Troutman,* for the respondent.

VAN BRUNT, P. J.:

It has been repeatedly held in this court and in the Court of Appeals that an appeal from an order sustaining or overruling a demurrer is not permitted by the Code of Civil Procedure; the appeal must be from the judgment. Therefore, so much of the appeal as is from the order overruling the demurrer must be dismissed, with ten dollars costs.

The appeal from the judgment brings up the question as to whether the new matter contained in the answer was sufficient to constitute a defense to the cause of action set out in the complaint. It appears that one Thomas L. Sheffield, in February, 1889, filed a notice of a lien in the county clerk's office in the city and county of New York, claiming a lien for work done and materials furnished upon certain buildings in said city; that in such notice the defendant Robinson was named as contractor, and one Edward Early was named as the owner of such building. Robinson subsequently made an application to the City Court of New York, and to one of the judges thereof, for an order fixing the amount of a bond to be given to discharge such lien. Thereupon the said court, by an order, fixed the amount of the bond to be given at $2,100. Robinson thereupon entered into a bond as principal, together with one Mary E. Robinson and the respondent Murray as sureties, for the purpose of discharging the said lien, which bond was duly approved, and upon the filing thereof such lien acquired by the filing of said notice was discharged. Sheffield then commenced an action to foreclose the said mechanic's lien. Subsequently the claim and cause of action were assigned to the plaintiff herein. Issue having been joined in said action of foreclosure, the same was tried before a referee who gave judgment for the plaintiff. But inasmuch as the lien

had been discharged by the filing of such bond, a judgment in form only, directing a sale of the premises, was entered. Neither the principal nor his sureties paid the amount found due by said judgment of foreclosure. Whereupon application was made by the plaintiff for leave to maintain an action in his own name against said principal and sureties for the amount of the bond. Such leave was granted; and the question presented is whether the 'plaintiff can maintain an action upon said undertaking because its amount exceeded the jurisdiction of the City Court. In view of the fact that the undertaking was treated by all the parties as one having validity, and upon the faith of it the mechanic's lien was discharged of record, it seems to us that the question is no longer opened for discussion under the decision of the Court of Appeals in *Goodwin.* v. *Bunzl* (102 N. Y. 224).

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide event.

FOLLETT and O'BRIEN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.