(10 Misc. Rep. 538.)

### MORTON et al. v. O'KEEFE et al.

(City Court of Brooklyn, General Term. December 24, 1894.)

MECHANICS' LIENS—DISCHARGE BY BOND—SURETIES.

> The sureties in a bond given to discharge a mechanic's lien cannot be sued until it is determined in an independent action that the claimant has a lien which, but for the giving of the bond, he could have asserted against the property.

Appeal from trial term.

Action by John Morton and others against Owen O'Keefe and Thomas O'Hara, impleaded with Sarah E. Tucker. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiffs appeal. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

J. C. & H. C. Smith & Koepke, for appellants.
Jas. P. Philip, for respondents.

OSBORNE, J. The complaint herein alleges the filing of a notice of mechanic's lien by plaintiffs against the defendant Tucker, as owner of certain property; that the defendant Tucker executed a certain bond, "with the defendants O'Keefe and O'Hara as sureties, * * * conditioned for the payment of any judgment which might be rendered against the said property in any action brought by these plaintiffs"; that the sureties justified, the bond was approved, and an order was made discharging the said lien. Plaintiffs seek in this action to recover the amount of said lien against the owner and sureties. There is no allegation that plaintiffs had ever instituted any action against the defendant Tucker for the foreclosure of said lien, or that any judgment had been recovered against her or her property. Defendants O'Keefe and O'Hara demurred, on the ground that the complaint, on its face, did not state facts sufficient to con-

stitute a cause of action against them. The demurrer was sustained, and plaintiffs appeal from the interlocutory judgment entered thereon.

It will thus be seen that the naked question presented on this appeal is as to the right of the plaintiffs to maintain this action in the first instance, against both the owner and her sureties, to recover the amount for which the notice of lien was filed. We are of the opinion that this action cannot now be maintained in its present form. We cannot see how the position of the demurring defendants differs from that of sureties generally, nor is there anything in the mechanic's lien law which places them on any other footing. They did not undertake, by the terms of the bond, to pay what the owner might owe the plaintiffs, because they had furnished materials to her, but only to pay any judgment which might be recovered against her property; and the obtaining of such a judgment depended on whether the plaintiffs had so far complied with the terms of the mechanic's lien law as to entitle them to recover a judgment against the property of the owner. Sureties are not liable, as a general rule, until a breach of the condition of the bond executed by them. No breach is alleged in the complaint, and, until such a breach is shown, no cause of action exists against the sureties.

The learned counsel for the appellants contends that, as the effect of the giving of a bond is to discharge the property from the lien, no judgment can be rendered against the property, and that the sureties stand in the place of the property, and that plaintiffs' remedy is shifted from the land to the sureties. We do not think that this position can be maintained. It is quite true that, under the language of the mechanic's lien law, a literal reading of the provision respecting the discharge of a lien by giving a bond might seem to involve a contradiction; yet we think that a reasonable construction of the statute will easily obviate any such difficulty, and at the same time limit the liability of the sureties to just what they contracted to be liable for. We think that the plain meaning of the condition of the bond is as if it read "conditioned for the payment of any judgment recovered by the lienor in an action in which judgment might have been recovered against the property if no bond had been filed." If we adopt this as the true construction of the statute, all the rights of the lienor will be preserved, and the obligations of the sureties will be no greater than they assumed. Copley v. Hay (Com. Pl. N. Y.) 12 N. Y. Supp. 277; Lawson v. Reilly, 13 Civ. Proc. R. 291; Scherrer v. Hopper (Com. Pl. N. Y.) 18 N. Y. Supp. 459; Brandt v. Radley (Sup.) 23 N. Y. Supp. 277; Heinlein v. Murphy (City Ct. Brook.) 22 N. Y. Supp. 713; Kruger v. Braender, 3 Misc. Rep. 275, 23 N. Y. Supp. 324; Cunningham v. Doyle, 5 Misc. Rep. 219, 25 N. Y. Supp. 476. All of the above-cited cases, except those of Copley v. Hay and Brandt v. Radley, without actually deciding the question now before us, inferentially support our view of it. In Brandt v. Radley the precise question came before the court on demurrer, as in this case; and Mr. Justice Patterson, in an exhaustive and well-considered opinion, held that the liability of sureties on the bond cannot be enforced until it is determined, in an inde-

pendent action, that the lienor who asserts his claim against the bond had a lien which, but for the giving of the bond, he could have asserted against the property. In Sheffield v. Early (Sup.) 25 N. Y. Supp. 1098, the general term. of the First department held that a foreclosure of the lien and a recovery of a judgment against the property was necessary before resort could be had to the bond. The case of Copley v. Hay, supra, is relied on by the learned counsel for the appellants as supporting his views. In that case an action was commenced to foreclose a mechanic's lien, to which the owner was made a party, and demurred on the ground that a bond had been given to discharge the lien; but as it appeared that the bond had not been approved, nor any order made discharging the lien, the demurrer was overruled. What was said in the opinion from which it might be inferred that an action would lie on the bond was plainly obiter, and is in conflict with the other and later decisions above cited. Bulkley v. Moses (City Ct. Brook.) 23 N. Y. Supp. 125, is based upon Copley v. Hay, and both of these cases are overruled by Sheffield v. Early, supra. We are accordingly of the opinion that the interlocutory judgment sustaining the demurrer should be affirmed, with costs, with the usual leave to amend.