(13 Misc. Rep. 59.)

MILLER v. YOUMANS.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. RES JUDICATA—PARTIES AND PRIVIES.
    In an action in form to foreclose a mechanic's lien which had been discharged by the giving of a bond, plaintiff obtained leave, on condition of paying costs, to serve an amended and supplemental complaint bringing

in new defendants. The new defendants answered, and judgment was rendered in favor of plaintiff. *Held*, in an action on the bond given to discharge the lien to recover the amount of the judgment rendered in the foreclosure action, that the sureties were estopped to deny the validity of the order allowing the amended and supplemental complaint to be filed.

2. ESTOPPEL—TO DENY VALIDITY OF BOND.

Where a bond given to discharge a mechanic's lien is treated as valid by all the parties, and the lien is discharged, a surety cannot, in an action on the bond, deny its validity.

Appeal from trial term.

Action by John R. Miller against Edgar W. Youmans. From a judgment entered on a verdict in favor of plaintiff, directed by the court, defendant appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

E. H. Benn, for appellant.

James Kearney, for respondent.

BOOKSTAVER, J. This action was brought to recover the sum of $1,023.21, the amount of a judgment recovered by respondent in an action brought by him in this court against Emma S. Olmsted, as owner, to foreclose a certain mechanic's lien filed by the respondent against property situate on the northwesterly corner of Spring and Washington streets, in this city, upon a bond executed by Emma S. Olmsted, in pursuance of the provisions of chapter 342, Laws 1885, to procure the discharge of the respondent's lien, approved and filed in pursuance of that statute, whereby the lien was discharged. The appellant, Youmans, was one of the sureties upon that bond. By an order made in the action brought to foreclose the mechanic's lien subsequent to the giving of the bond above mentioned, upon notice to Emma S. Olmsted, respondent was permitted to serve an amended and supplemental complaint, bringing in and making Miles W. Olmsted, Cyrus Olmsted, the Meyer-Sniffen Company, Limited, John A. Cisco, as executor, etc., and William A. Barwick, parties defendant to that action, upon the payment of $20 costs and taxable disbursements to the attorneys for the defendant Emma S. Olmsted. The respondent paid the costs and disbursements provided by the order, and served an amended and supplemental complaint. All the parties thus brought in as defendants in that action answered the amended and supplemental complaint, one of them, Cyrus Olmsted, pleading a counterclaim, to which the respondent replied. The issues so framed were referred to a referee to hear and determine, who subsequently reported in favor of the respondent on the main issues, but dismissed the complaint, without costs, as to Emma S. Olmsted. On this report judgment was rendered in respondent's favor, and against the property described in the mechanic's lien, which decreed the foreclosure of the lien and a sale of the property; but, as the lien was discharged by the giving of the bond before mentioned, the judgment was declared to be in form only, and granted leave to respondent to pursue his remedy upon the bond. It also directed the clerk of the city and county of New York to deliver up and surrender to the respondent that bond. The judgment remaining un-

paid, the respondent applied to this court at special term, upon notice to appellant, for leave to sue in his own name for the breach of the condition of the bond; and an order granting such leave was duly made, whereupon this action was brought. On the trial, the evidence offered on behalf of respondent was received without objection, and no evidence was offered on behalf of the appellant, who relied solely upon the questions raised on the motion to dismiss the action made at the close of the evidence. This motion was made on the ground that the action was originally brought against Emma S. Olmsted, the principal in the bond, as owner of the property, and that the action was subsequently changed to one against Miles W. Olmsted, as owner of the land, and because the judgment was recovered against him, and not against Emma S. Olmsted.

Upon this appeal the appellant contends that she never contracted any such liability; that she was not in any way surety for Miles W. Olmsted; and also that the order in the original action bringing in new parties, and allowing the plaintiff in that action to serve an amended and supplemental complaint, was without jurisdiction, and void. But we think neither contention is well founded. The court had complete jurisdiction of the cause of action. The order complained of made in that action cannot be collaterally attacked. Besides, the defendant in that action, Emma S. Olmsted, accepted from the plaintiff therein payment of the costs and disbursements upon which the order was allowed, answered the amended and supplemental complaint, and, upon the issues thus raised, proceeded to trial. Under similar circumstances, it has been decided that a party cannot accept, so far as it is for his benefit, a conditional order granting leave to amend, and then question the validity of the order. Smith v. Rathburn, 75 N. Y. 122; Austin v. Wauful (Sup.) 13 N. Y. Supp. 184. If the parties to the original action, by their acts, are estopped from questioning the validity of the order now complained of, the surety also is.

But the court was certainly right in granting the order. Section 8 of the mechanic's lien act provides that the manner and form of instituting and prosecuting actions commenced thereunder to judgment shall be the same as in actions for the foreclosure of mortgages upon real property, except as in that act otherwise provided; and in those actions it is always within the power of the court to bring in such parties as are necessary to a complete adjudication of the matters in controversy. Moreover, it appears from the case that there was then another action pending by another lienor to foreclose a lien commenced subsequent to the Miller action; and section 1814 of the consolidation act provides for the consolidation of such actions.

The contention of the appellant that he never contracted a liability to pay the judgment recovered in the mechanic's lien action, and that he never intended to become surety for Miles W. Olmsted, might be sustained if the undertaking had been that Emma S. Olmsted should do or omit to do any particular act or thing; but such a contention entirely overlooks the condition of the bond, which is "that the said Emma S. Olmsted, or her legal representatives, shall

well and truly pay any judgment that may be rendered against said property in any proceeding to enforce the aforesaid lien," etc. The judgment sought to be recovered in this action is against the property, and the event in which the defendant's liability became fixed happened. It is true, it is not a judgment against Emma S. Olmsted, the principal named in the bond, that respondent recovered, but it was not the condition of that bond that plaintiff should obtain judgment against her. Such a judgment is entirely foreign to the condition of the bond. All the respondent is required to do in an action of this character is to prove a judgment rendered in proceedings to enforce the lien. This the plaintiff has done. Morton v. O'Keefe, 10 Misc. Rep. 538, 31 N. Y. Supp. 446.

In Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3, it is said:

"The sureties in the bond [to release mechanic's lien] intended and must be understood as undertaking to pay the amount which it should be adjudged was due and owing to the plaintiffs, and which was chargeable against the property by virtue of their notice of lien. In other words, the condition was for the payment of any judgment which might have been rendered against the property had not the bond been given. The bond, as we have seen, is given to discharge the lien. It is one of the proceedings provided for by the statute, and it was evidently intended that the bond should take the place of the property, and become the subject of the lien, in the same form and manner as provided for in the case of the payment of money into court, or the deposit of security under an order of the court after action brought." Citing Ward v. Kilpatrick, 85 N. Y. 413.

The bond upon which this action is brought having been treated by all the parties as valid, and upon the faith of which the plaintiff's mechanic's lien was discharged of record, the sureties are thereby estopped to deny the validity of the bond. Goodwin v. Bunzl, 102 N. Y. 224, 6 N. E. 399; Sheffield v. Robinson (Sup.) 30 N. Y. Supp. 799.

No question having been raised to the form of the action, the judgment should be affirmed, with costs. All concur.