RINGLE et al. v. O'MATTHIESSEN et al.

(Supreme Court, Trial Term, New York County. May 4, 1896.)

1. MECHANIC'S LIEN—BOND TO DISCHARGE LIEN—PROCEDURE.
   In an action on a bond given to discharge a mechanic's lien, and condi- tioned that the principal obligor pay any judgment that may be rendered against the property in any proceeding to enforce the lien, the sureties cannot object—after a judgment, in form only, has been entered, enforcing the lien against the premises, to enable the person entitled to the lien to recover on the bond—that the action should have been in equity, as on foreclosure, and all persons in interest made parties, as in foreclosure proceedings.

2. DEFECT OF PARTIES DEFENDANT—WAIVER.
   An objection that other persons should have been made parties defend- ant is waived, unless set up in the answer.

Sup. Ct.)

RINGLE v. O'MATTHIESSEN.

93

3. BOND TO DISCHARGE MECHANIC'S LIEN—VALIDITY.
 Sureties on a bond given to discharge a mechanic's lien cannot escape
 liability thereon because there was no separate order fixing the amount
 of the bond, where the order discharging the lien fixes the amount of the
 bond.

4. SAME—LIABILITY OF SURETY—CONCLUSIVENESS OF JUDGMENT AGAINST PRIN-
 CIPAL.
 When a bond to discharge a mechanic's lien is conditioned on the pay-
 ment of any judgment rendered against the property, a judgment against
 the principal for a lien against the property is conclusive on the sureties.

5. BONDS—EXTENT OF LIABILITY OF SURETY.
 On bonds conditioned for payment of money only, interest on the debt,
 after default, may be recovered against the sureties, though their liabil-
 ity thereby exceeds the penalty.

Action by Jacob Ringle and others against Francis O'Matthiessen
and others. Judgment for plaintiffs.

For decision on demurrer to the complaint, see 38 N. Y. Supp. 875.

Thomas C. Ennever and E. L. Collier, for plaintiffs.
Wilson & Wallis, for defendants.

McADAM, J. This is a common-law action upon a bond for $13,-
000 given to discharge a mechanic's lien upon real property in this
city. The obligation was executed by the Wallis Iron Works, as
principal, and two sureties, and the obligee is the clerk of the coun-
ty of New York. The condition is "that if the said Wallis Iron
Works, or its legal representatives, shall pay any judgment that may
be rendered against said property in any proceeding to enforce the
foregoing lien, then this obligation to be void; otherwise to remain
in full force." By a judgment rendered October 3, 1894, in an action
against the principal on the bond, it was adjudged that the plaintiffs
recover of the Wallis Iron Works the sum of $12,945.57, and that
the plaintiffs had acquired a valid lien upon and against the prem-
ises. It is then declared that the judgment, as against the said
premises, is in form only, and has been directed, and is so entered,
for the purpose of enabling the plaintiffs to recover upon the bond.
The judgment having been affirmed upon appeal, it must, at this
branch of the court, be assumed that it was authorized, and that it
properly adjudicated upon the subject-matter involved, notwith-
standing the new mode of procedure established by the court of ap-
peals. The bond was given, and judgment rendered, under the prac-
tice formerly prevailing, so that the only contingency within the con-
templation of all the parties at the time of the contract, upon which
the sureties were to be charged, has arisen. Story, Cont. § 656. The
sureties now attack the form of the action, claiming it should have
been brought under the new mode of procedure, and the adjudica-
tions in the prior litigation ignored. In other words, the defendants
now insist that the suit should have been brought in equity, as upon
foreclosure, and all persons in interest should have been made par-
ties, as in foreclosure proceedings. Morton v. Tucker, 145 N. Y.
244, 40 N. E. 3. The case cited certainly sustains the right to main-
tain such an action, and impliedly negatives the right to recover in
any other form. The objection that other parties should have been

joined is not raised in the answer, and is waived. Code, §§ 488, 489. Nor is any objection so raised as to the form of action, or any suggestion made that it ought to be in the equitable form now urged, or in any shape different from what it is. The suggestion is evidently an afterthought prompted by the decision in Morton v. Tucker, supra, and the question which now arises is how far past proceedings had under the former procedure will be sustained. They certainly ought to be upheld, if possible. The defendants also insist that there was no legal order fixing the amount of the bond. True, there was no separate order; but that which directed the cancellation of the lien recites the amount of the bond to be given, and directs that upon filing it the lien be canceled. The form was one of practice in the original action, which all the parties (sureties as well as the court) adopted, and the sureties cannot now question the validity of the bond given thereunder. Herm. Estop. § 460; Goodwin v. Bunzl, 102 N. Y. 224, 6 N. E. 399; Sheffield v. Robinson, 73 Hun, 173, 25 N. Y. Supp. 1098; Miller v. Youmans, 13 Misc. Rep. 59, 63, 34 N. Y. Supp. 140. Objection is also made that the bond was given to a public officer, and could not be prosecuted in the name of the real party in interest except on notice to the persons interested in the disposition of the proceeds. Code, § 814. Leave to sue was obtained, and the objection as to failure to give notice is unavailing, particularly as the plaintiffs were the only persons interested. The objection that the judgment against the principal is not conclusive against the sureties is without merit. The covenant was absolute, to pay any judgment recovered against the property, and the liability of the sureties became fixed on the rendition of such a judgment, the same as upon an appeal bond. Methodist Churches v. Barker, 18 N. Y. 463; Jordan v. Volkenning, 72 N. Y. 300; Mayor, etc., v. Crawford, 111 N. Y. 638, 19 N. E. 501; Heinlein v. Murphy, 3 Misc. Rep. 47, 22 N. Y. Supp. 713; Brandt, Sur. § 92. The obligation is for $13,000, and, in case of debt on bonds for the payment of money only, it is now settled that interest may be recovered after default, even though it exceeds the penalty, and whether the action be against principal or surety. Lyon v. Clark, 8 N. Y. 148; Brainard v. Jones, 18 N. Y. 35. The defendant's claim that a strict construction in favor of the sureties should be adopted, and all doubts resolved in their favor. The better and generally received opinion, however, is that the contract of suretyship should be construed the same as any other contract, and that the same rules should be applied to ascertain the true intention of the parties. Brandt, Sur. § 92; Smith v. Molleson, 148 N. Y. at page 246, 42 N. E. 669.

With these technical objections overruled, the plaintiffs are entitled to judgment for $14,123, with costs.