(10 App. Div. 36.)

# BREEN v. LENNON.

(Supreme Court, Appellate Division, First Department. November 6, 1896.)

1. MECHANICS' LIENS—LIS PENDENS—POWER TO CANCEL NOTICE.

The court has no general power to cancel notice of lis pendens, filed in a mechanic's lien action, merely because the procedure in such cases is regulated by the special provisions of the mechanic's lien law; but the matter is governed by Code Civ. Proc. § 1674, which provides that, after an action is settled, discontinued, or abated, or final judgment is rendered therein, and time to appeal has expired, the court may direct notice of lis pendens to be canceled of record.

2. LIS PENDENS—DISCHARGE—MECHANICS' LIENS.

An action to enforce a mechanic's lien ceases, on the giving of the statutory bond to discharge the lien, to be an action affecting the real property, within Code Civ. Proc. § 1670, authorizing the filing of notice of lis pendens; and therefore the giving of such bond abates the action, within section 1674, providing when a notice of lis pendens may be canceled.

Appeal from special term, New York county.

Action by Cornelius M. Breen against William F. Lennon to foreclose a mechanic's lien. From an order denying a motion to cancel a lis pendens, defendant appeals. Reversed.

v.41 N.Y.S.no.8—45

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

Samuel Cohn, for appellant.
J. H. Shaffer, for respondent.

PATTERSON, J. This is an appeal from an order denying a motion, made by the owner of certain real estate situated in the city of New York, to compel the cancellation of record of notices of lis pendens filed against the premises in a pending action to foreclose a mechanic's lien. There are certificates appearing in the record, signed by the clerk of the city and county of New York, stating that all mechanics' liens filed against the property referred to have been discharged. The moving papers consist of an affi-davit showing the filing of a bond to secure the lien of the party opposing this motion, the making and entry of an order of this court discharging the lien, and also setting forth reasons why the cancellation of the lis pendens is important and is asked for. There were no affidavits submitted in opposition to the motion, and the question therefore arises upon the papers presented by the mov-ing party, the appellant here. The learned judge in the court be-low denied the motion simply on the ground that, at this stage of the proceedings, the court had no power to discharge the lis pen-dens, the action being undetermined. This decision was based upon the provisions of section 1674 of the Code of Civil Procedure. It is provided by that section that after an action is settled, dis-continued, or abated, or final judgment is rendered therein against the party filing the notice, and the time to appeal therefrom has expired, or if a plaintiff filing the notice unreasonably neglects to proceed in the action, the court may, in its discretion, etc., direct that a notice of the pendency of an action filed as prescribed in the four preceding sections be canceled of record by a particular clerk, or by all the clerks with whom it is filed and recorded. The effect of this provision, as has been determined (Beman v. Todd, 124 N. Y. 114, 26 N. E. 326), is that there can be no cancellation of the notice save in the manner prescribed by the Code.

It is claimed by the appellant that the provision is inapplicable to this case, for the reason that the procedure in mechanic's lien cases is under the special provisions of the act of 1885, and not under the Code, and that, therefore, the court has a general power to discharge a lis pendens filed in a mechanic's lien action. That is not true. There is no such general power. The filing of the lis pendens in an action to foreclose a mechanic's lien is merely the filing of a notice as in any ordinary action to foreclose an incum-brance. It is not a proceeding independent of and disconnected from a civil action, brought under the authority of, and to be conducted in the way prescribed for all civil actions by, the Code of Civil Procedure; and, when an action to foreclose such a lien is begun, a notice of lis pendens is required to be filed in that action, as constructive notice to any one taking under the owner or the persons as against whom the lien is filed. A notice of lis

pendens in such an action performs precisely the same office as in any other case in which the filing of a notice is required by law. There is no difference, in legal effect, between a formal notice of lis pendens, as constructive notice, and the filing of a bill in chancery, followed by service of a subpœna. Under the chancery practice, such filing and service were constructive notice, which continued until the case was finally disposed of; and the words of the Code of Civil Procedure with respect to a notice of lis pendens merely recognize the same rule as existed in equity before the act of 1823 (page 213, § 11), which was incorporated in the Revised Statutes (2 Rev. St. p. 174, § 43), and which provided that, to render the filing of a bill in chancery constructive notice to a purchaser of real estate, the complainant must file with the clerk of the county in which the lands to be affected by such constructive notice were situated a notice in writing of the pendency of the suit. The rule both under the Code and the practice in the circuit courts in equity and in chancery anterior to the passage of the Code is the same with regard to the duration of the constructive notice given by a suit pending, and therefore the court below was correct in its view of the general power of the court in the matter. But, while a general authority to remove a notice of lis pendens does not reside in the court, the right of the moving party may, by a fair construction, be brought within the provisions of the Code. An entirely new feature is introduced into the subject by the enactment known as the "Mechanic's Lien Law," and its provisions respecting the removal or discharge of mechanics' liens upon real property. It is provided in that law that an application may be made to the court pending a suit to foreclose a lien, to discharge the lien upon security being given in the form of a bond, and that, upon the approval of such bond and the discharge of the lien by order of the court, that lien shall be transferred from the property to the bond. That procedure at once frees the real estate from the lien. There is no longer any lien upon the property. There is something substituted for it to which the lien attaches (Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3); and the action thereafter ceases to be an action affecting real estate. As such it is abated; that is, put an end to, beaten down (abattre). Although it may be necessary, in the final judgment in such an action, to declare the existence, at the time of the beginning of the suit, of a lien on the real estate, yet the claim is in no way and under no circumstances enforceable against the real estate. This change in the nature of the action is one operated by the statute. It still remains an action to foreclose a lien, but only as against that which is substituted for the real estate. One of the provisions of the Code with respect to the filing of a notice of lis pendens is that, in actions brought to recover judgments affecting the title to, or the possession, use, or enjoyment of, real property, the plaintiff may file his notice of pendency of the action, which shall be constructive notice to purchasers. This action has ceased to be one in which a purchaser would be bound by any notice of its pendency. No right claimed by the plaintiff or

any of the defendant lienors is to be protected by the suit further than as against the substituted security. It has therefore completely expired as an action in which a notice of lis pendens is necessary to charge any person dealing with the land itself. No claim to or upon it remains for a purchaser to take notice of. The object of filing the notice has ceased, and there is no necessity nor propriety in the maintenance of it on the record, where it would remain as a cloud upon the owner's title, and an impediment in the way of his selling or mortgaging his land, and thus defeat the very purpose of the statute in allowing the transfer of the lien. The changed status of the action has converted it into one in which a notice of lis pendens against the land is not necessary, nor required; and it may be so treated. The land is no longer involved in the foreclosure action, which is effectively ended as to it. For that reason, we think the motion should have been granted, and the order appealed from must be reversed, with costs, and the motion granted, with $10 costs. All concur.