(23 Misc. Rep. 79.)

MADDEN v. LENNON et al.

(Supreme Court, Special Term, New York County. March, 1898.)

1. MECHANICS' LIENS—CANCELING NOTICE OF LIS PENDENS.
The notice of the pendency of an action to foreclose a mechanic's lien, which acted as a lis pendens on the property, should not be canceled after judgment, where the time to appeal from the judgment has not expired; such relief not being within Code Civ. Proc. § 1674, providing as to the conditions under which such notice may be canceled.

2. SAME—POWER OF COURT.
A court has no general power, irrespective of statute, to discharge a notice of lis pendens filed in a mechanic's lien case.

3. SAME—EFFECT ON LIEN
Where a motion to cancel the notice of the pendency of an action to foreclose a mechanic's lien should not be granted, the mechanic's lien cannot be discharged where plaintiff's rights under the notice and under the lien are inseparable.

Action by John Madden against Anna J. Lennon and another to foreclose a mechanic's lien. Motion to vacate an order canceling a lis pendens, and discharging a mechanic's lien. Granted.

Earley & Prendergast, for plaintiff.

James, Schell, Elkus & McGuire, for defendants.

FREEDMAN, J. The court is not authorized on a motion to cancel a notice of the pendency of an action, properly filed, unless the moving party presents a case authorizing the cancellation, within the terms of section 1674 of the Code. Beman v. Todd, 124 N. Y. 114, 26 N. E. 326. There is no general power to discharge a notice of lis pendens filed in a mechanic's lien case. Breen v. Lennon, 10 App. Div. 36, 41 N. Y. Supp. 705.

Under the section referred to, the defendants in the case at bar were bound to show that the time to appeal from the judgment had expired. No such proof was given, and in fact the time to appeal had not expired, and an appeal has since been taken. Moreover, under that

section, the application should have been made on notice. The ex parte order of March 1, 1898, is therefore clearly wrong in so far as it vacated the notice of the pendency of the action. In so far as it discharged the mechanic's lien, a further question arises. Here, again, the statute directs in what cases the lien may be discharged. Sections 18 and 19 of the lien act of 1897 (chapter 418) prescribe the cases in which this may be done, and an additional provision will be found in section 3417 of the Code of Civil Procedure, as enacted by chapter 419 of the Laws of 1897. The discharge of the mechanic's lien in question was not authorized by anything contained in these statutory provisions. Moreover, in the case at bar the rights of the plaintiff under his notice of the pendency of the action are so interwoven with his rights under the mechanic's lien filed that, even if there were inherent power in the court to discharge the mechanic's lien independently of all statutory provisions, such an order should not be granted as long as the notice of the pendency of the action cannot be canceled.

The order of March 1, 1898, must be vacated and set aside, and the clerk directed to reinstate by proper entry the notice of the pendency of the action and the lien. But the order to that effect should not be directed to be entered nunc pro tunc. Order to be settled on notice.