(83 Misc. Rep. 481)

### McKEEFREY v. CUGLEY et al.

(Supreme Court, Appellate Term, First Department. January 3, 1914.)

1. MECHANICS' LIENS (§ 227*)—LIABILITY ON BONDS—CONSTRUCTION OF INSTRUMENT.

A bond given by a defendant in a suit to foreclose a mechanic's lien against his property, conditioned on his paying "any judgment which may be recovered in action to enforce the aforesaid lien," is given to secure any judgment decreeing the foreclosure of the lien entered in the action; and the surety is not liable under the statute or at common law where the lien was dismissed and a personal judgment was recovered against defendant, though the recitals in the bond show that it was given for

---

the purpose of permitting the lien to be discharged pursuant to the lien law, by giving an undertaking as provided therein.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 410; Dec. Dig. § 227.*]

2. PRINCIPAL AND SURETY (§ 59*)—BONDS—CONSTRUCTION.

Where the words of the condition of a bond are ambiguous, they must not be construed to impose a greater liability than the recitals of the bond indicate the parties intended the surety to assume.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 103, 103½; Dec. Dig. § 59.*]

Appeal from City Court of New York, Trial Term.

Action by John McKeefrey against Josephine M. S. Cugley and the Title Guaranty & Surety Company. From a judgment for plaintiff rendered by the City Court of the City of New York, defendant, the Title Guaranty & Surety Company appeals. Reversed, and complaint against appellant dismissed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Samuel J. Siegel, of New York City (Adrian T. Kiernan, of New York City, of counsel), for appellant.

Allan C. Rowe, of New York City, for respondent.

SEABURY, J. This action was brought against the defendant Cugley to foreclose an alleged mechanic's lien filed by the plaintiff against property owned by Cugley. The said defendant, upon furnishing an undertaking made by the appellant, procured an order of the court duly canceling and discharging the alleged lien. A supplemental complaint was thereafter served, bringing in the appellant as a defendant. Upon the trial the lien was dismissed and a personal judgment entered in favor of the plaintiff against the defendant Cugley and against this defendant appellant as surety upon the undertaking given.

[1] The condition of the bond was expressed as follows:

"The condition of this obligation is such that if the above bounden Josephine M. S. Cugley shall well and truly pay any judgment which may be recovered in an action to enforce the aforesaid lien, then this obligation to be void; otherwise to remain in full force and virtue."

This bond was not given in conformity to the provisions of the statute; and, unless the defendant appellant is· liable upon it as a common law obligation, it is not liable at all. Parsons v. Moses, 40 App. Div. 58, 60, 57 N. Y. Supp. 727; Vitelli v. May, 120 App. Div. 448, 449, 104 N. Y. Supp. 1082; Berger v. City of New York, 206 N. Y. 24, 99 N. E. 153. This proposition was conceded by the learned trial justice and by counsel for the appellant.

The fair interpretation of the language which expresses the condition of the bond is that the bond was given to secure any judgment decreeing the foreclosure of the mechanic's lien which might be entered in the action pending. The lien was upon the property, and, upon giving the bond, the obligation of the surety was to pay any judgment which may be recovered in an action *to enforce the aforesaid lien.*

The judgment recovered was a personal judgment against the defendant, and was not a judgment "to enforce the aforesaid lien." In order to render the appellant liable upon the undertaking, it was necessary to prove that if it had not been for the order discharging the lien upon filing the bond, a valid lien would have been enforceable out of the property against which it was filed. When the lien was dismissed the character of the action was changed, and the nature of the judgment to be entered was necessarily different from what it would have been if the lien had been sustained. With the dismissal of the lien it became impossible to order the sale of the property against which the lien had been filed. The fact that a personal judgment could be recovered against the defendant in that action, instead of requiring the plaintiff to commence a new action, is immaterial. The judgment was not the kind of a judgment which the surety was obligated to pay. To hold otherwise would extend by implication the undertaking of the surety, and make for the parties a different agreement of indemnity from that which they made for themselves. The undertaking was predicated upon the existence of the lien, and the liability was to attach if the plaintiff recovered a judgment directing that the lien should be foreclosed. When the lien was dismissed the liability of the surety was terminated. This liability could not be kept alive by the recovery of a mere personal judgment against the defendant, because it was not against a judgment of that character that the surety agreed to indemnify the plaintiff.

[2] Nor is there merit in the attempt to hold the surety upon the theory that the bond may be enforced as a common-law obligation, because the liability sought to be fastened upon the surety is not within the condition of the bond, when that condition is fairly and reasonably construed. Where the words of the condition of the bond are ambiguous and do not clearly impose a liability upon the surety, these words should not be construed to impose a greater liability than the recitals of the bond indicate that the parties intended the surety to assume.

The recitals in the bond under consideration make it clear that the bond was given for the purpose of permitting the lien to be discharged, because the defendant Cugley desired—

"to discharge said lien pursuant to the lien law of the state of New York, by giving an undertaking as provided in said lien law."

In National Mech. Bkg. Ass'n v. Conkling, 90 N. Y. 116, 120, 42 Am. Rep. 405, note, Judge Earl said:

"The recital in such bonds, undertaking to express the precise intent of the parties, controls the condition or obligation which follows, and does not allow it any operation more extensive than the recital which is its key; and so it has been held in many cases."

The judgment against the appellant is reversed, with costs, and the complaint against the appellant is dismissed, with costs. All concur.