Sklar & Cohen Woodworking Company, Inc., Respondent, *v.* Harriet V. Owen and William C. Owen, Jr., Defendants, Impleaded with Ætna Accident and Liability Company, Appellant.

Second Department, May 4, 1917.

Mechanic's lien — discharge of lien by undertaking — bond not conforming to statute — personal judgment in favor of lienor — when surety liable.

Where the owner of a building procured the discharge of a mechanic's lien by giving an undertaking of a surety company which did not conform to the provisions of the Lien Law, but merely agreed to "pay any and all judgments which may be rendered in any action or proceedings to enforce the aforesaid lien," the undertaking is good and enforcible as a common-law agreement according to its terms.

Where the lienor brought action against the owner and the surety and pleaded the undertaking and the discharge of the lien, it was proper for the court to award a personal judgment against the defendants and the surety is liable on its bond, for the judgment in fact rested upon the validity of the discharged lien which was the basis of the judgment.

Appeal by the defendant, Ætna Accident and Liability Company, from a judgment of the County Court of Kings county, entered in the office of the clerk of said county on the 28th day of October, 1916, upon the decision of the court after a trial before the court without a jury.

*William H. Good* [*James B. Henney* with him on the brief], for the appellant.

*Joseph J. Schwartz* [*Isidore M. Silberman* with him on the brief], for the respondent.

Jenks, P. J.:

The defendant owner secured the discharge of the plaintiff's mechanic's lien by an undertaking executed by a surety company. Thereafter the plaintiff began this action and made the owner's husband and the surety parties. Plaintiff asked for judgment as to the validity of the lien in form against the premises, but against the defendants individually as for a breach of the undertaking and for any other and further appropriate relief. Plaintiff pleaded the undertaking and that it had effected the discharge of the lien. Upon issue joined, all defendants admitted the filing of the lien, but ignored entirely the plaintiff's plea as to the undertaking. The court decided that the lien notice did not comply with the statute, but awarded a personal judgment against the defendants.

The defendant surety alone appeals. It contends that it was not liable upon the undertaking because the judgment did not sustain the lien. The undertaking did not conform to the statutory provision for the "payment of any judgment which may be rendered against the property for the enforcement of the lien" (Lien Law [Consol. Laws, chap. 33; Laws of 1909, chap. 38], § 19, subd. 4),* but read "pay any and all judgments which may be rendered in any action or proceedings to enforce the aforesaid lien." I think that such non-conformity should not affect the validity of the undertaking (*Ordinary* v. *Heishon*, 42 N. J. Law, 15, 18, and cases cited), and that under the circumstances of this case the undertaking should be held "to inure as a good common-law agreement, enforceable according to its terms." (*Goodwin* v. *Bunzl*, 102 N. Y. 227; *Miller* v. *Youmans*, 13 Misc. Rep. 59; affd., 153 N. Y. 653; *Sheffield* v. *Murray*, 80 Hun, 555; *Carl* v. *Meyer*, 51 App. Div. 5.)

This conclusion presents the question whether the judgment

---

* Since amd. by Laws of 1916, chap. 507. — [Rep.

was "rendered in any action or proceedings to enforce the aforesaid lien." "Rendered" means "judgments given by judicial action." (*Dieffenbach* v. *Roch*, 112 N. Y. at 625.) Hence the question restated is whether this judgment was given by judicial action in an action to enforce the lien. The lien itself had been discharged by the undertaking, but thereupon there was something substituted to which the lien attached. (*Breen* v. *Lennon*, 10 App. Div. 38.) In the words of PATTERSON, J., in that case (p. 39): "This change in the nature of the action is one operated by the statute. It still remains an action to foreclose a lien, but only as against that which is substituted for the real estate." (See, too, *Raven* v. *Smith*, 76 Hun, 60; affd., 148 N. Y. 415; Jensen Mechanics' Liens, p. 218.)

Indeed, the rendition of such a judgment by the court is only permissible in an action brought to enforce the lien. (*Mowbray* v. *Levy*, 85 App. Div. 68; *Deane Steam Pump Co.* v. *Clark*, 87 id. 459.) The outcome of this action so far as the lien or its substitute was concerned did not forbid a personal judgment, for the failure to establish the lien was because the notice of lien did not comply with the statute, and in *Abbott* v. *Easton* (195 N. Y. 372, 376) the court say: "Where a plaintiff fails to establish a lien because the notice of lien does not comply with the statute or a complaint is found insufficient, * * * but the complaint contains allegations sufficient to constitute a cause of action for goods sold and delivered or labor performed, a personal judgment may be recovered as in an action on a contract."

The conclusion reached in *McKeefrey* v. *Cugley* (83 Misc. Rep. 481), the case relied upon by the learned counsel for the appellant, rests upon the proposition that the personal judgment in that case "was not a judgment 'to enforce the aforesaid lien.'" But the undertaking was not to pay a *judgment to enforce the aforesaid lien*, but *a judgment recovered in an action* to enforce the aforesaid lien. And the court did not decide that the judgment was not recovered in such an action, for it says (p. 483): "The fact that a personal judgment could be recovered against the defendant in that action [namely, an action to foreclose the lien] instead of requiring the plaintiff to

commence a new action is immaterial." It seems to me that practically the surety was not harmed by the *personal* judgment, in distinction from a judgment that rested upon the validity of the lien, because the basis of either judgment is virtually the same labor and material.

I advise affirmance of the judgment of the County Court of Kings county, with costs.

STAPLETON, MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Judgment of the County Court of Kings county affirmed, with costs.