PATSY COPASSO, Respondent, *v.* I. IRVING APFEL, Defendant, Impleaded with WELLBUILT HOMES CORPORATION and Another, Appellants.

Second Department, December 4, 1925.

Liens — mechanic's lien — foreclosure — notice of lien on theory of full performance — plaintiff conceded partial performance only — notice does not comply with Lien Law, § 9 — surety on bond in words of statute (Lien Law, § 19, subd. 4) not liable — case against owner does not conform to pleadings — new trial granted.

A notice of lien for the purpose of perfecting a mechanic's lien is not valid under section 9 of the Lien Law, where it appears that the notice is drawn on the theory of full performance of the lienor's contract when, as a matter of fact, the lienor abandoned the contract before it was fully performed.

Therefore, a surety on a bond given to discharge the lien, which bond was framed in the language of subdivision 4 of section 19 of the Lien Law, is not liable on the bond.

The owner is not liable in this case, since it appears that the case presented on the evidence was not the cause of action pleaded in the complaint and the complaint was not amended to conform to the proof.

A new trial is granted, since the plaintiff failed to prove title in the owner to all of the property and did not satisfactorily explain conceded defects in the work and failure to comply with the plans for building and with the requirements of the Building Code.

APPEAL by the defendants, Wellbuilt Homes Corporation and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 2d day of March, 1925, upon the decision of the court rendered after a trial at the Queens Special Term in an action to foreclose a mechanic's lien.

*Ralph Stout* [*Aaron Girard Mintz* with him on the brief], for the appellants.

*Irving Lemov* [*A. Paul Loshen* with him on the brief], for the respondent.

KELLY, P. J.:

As to appellant Capital City Surety Company the judgment should be reversed upon the law, with costs, and the complaint dismissed, with costs  The notice of lien is framed upon a theory contrary to the facts testified to by the plaintiff lienor.  It is based upon the full performance of the lienor's contract.  The amount stated to be due is the full contract price for the masonry work and materials on ten houses described in the complaint, less payments made on account of the contract by the owner, whereas the plaintiff concedes that he did not complete the contract, having constructed but five instead of ten houses.  He testifies, not very satisfactorily, that he abandoned the work because he doubted the owner's ability to pay him, but whether he was justified in so abandoning the work or not, he failed to comply with the statute (Lien Law, § 9, as amd. by Laws of 1916, chap. 507) by stating the facts and allowing for uncompleted work, falsely alleging full completion.  I think the notice of lien was void, and the undertaking of the surety, framed in the language of the statute (Lien Law, § 19, subd. 4, as amd. by Laws of 1916, chap. 507), being to pay " any judgment which may be rendered against the property for the enforcement of the lien," with the failing of the notice of lien the obligation of the surety ended.  The situation is different from the case of *Sklar & Cohen Woodworking Co., Inc.,* v. *Owen* (177 App. Div. 796), where the obligation of the surety was not framed in the language of the statute, and it was held liable for a personal judgment against the owner.

As to the appellant Wellbuilt Homes Corporation the judgment should be reversed upon the law and the facts and a new trial granted, with costs to abide the event.  The case as presented on the evidence was not the cause of action pleaded in the complaint.  Upon defendants' motion to dismiss, the learned trial justice called the attention of plaintiff's counsel to the situation, and over defendants' objection and exception suggested that he was disposed to grant an application to amend the pleadings so as to conform to the proof.  Counsel for plaintiff did not make the motion, but asked time to prepare a formal motion to be entered on the record conforming the pleadings to the proof.  But no such motion was made and the complaint was not amended.  Findings and judgment are based upon a cause of action not pleaded.  It is not suggested or asked by plaintiff that this court frame and grant the necessary amendment, and we are not disposed to do this because of other defects in plaintiff's case as presented in the record.  The plaintiff concededly failed to prove title in the owner to all of the property described in the complaint and asks us on this appeal to receive

in evidence certified copies of deeds and searches to supply the defect and to aid in affirming the judgment. We think the action should be retried and these defects remedied, for the additional reason that we are not satisfied that plaintiff explained in any way conceded defects in the work of constructing the foundations on the uncompleted five buildings, work for which he has been allowed recovery by the learned trial justice on the basis of *quantum meruit.* The evidence shows failure to construct the footings and foundation walls in accordance with the plans, which plaintiff states he never saw or did not " bother " to examine. The plaintiff's work on these footings and walls also appears to be contrary to the requirements of the Building Code. He gives no satisfactory explanation of his failure to comply with his contract and with the building regulations. The evidence shows that the wall in question collapsed after plaintiff left the work. Instead of deciding these questions on the printed record, we think in the interests of justice that the case should be sent back for retrial.

RICH, JAYCOX, YOUNG and KAPPER, JJ., concur.

As to the appellant Capital City Surety Company judgment reversed upon the law, with costs, and complaint dismissed, with costs. As to the appellant Wellbuilt Homes Corporation judgment reversed upon the law and the facts, and a new trial granted, with costs to abide the event. Settle order on notice.