Sidney A. Fine, J.
Plaintiff moves to strike from the answer of defendant Columbia Casualty Company the third defense under subdivision 5 of rule 109 of the Buies of Civil Practice *871 and the fourth and fifth defenses pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice.
Plaintiff is suing upon nine causes of action, each based upon a similar undertaking signed by defendant Alday Fuel Co., Inc., as principal, and Columbia (in consideration of a premium paid), as surety. These bonds were given in connection with separate contracts entered into by and between Alday and nine different owners of separate parcels of real property, in each of which Alday was to install a heating system. Each of these contracts provided for the issuance of such a bond as a condition to the contract being awarded by the owner to Alday and each bond identified the contract. The obligation set forth in each bond is as follows: “ now, therefore, if the above bounded Principal shall well and truly keep, do and perform each and every, all and singular, the matters and things in said contract set forth and specified to be by said Principal kept, done and performed, at the times and in the manner in said contract specified and shall pay all lawful claims of subcontractors, materialmen, laborers, person, firms or corporations, for labor performed, or materials furnished, in the performing or completing of said contract, we agreeing and assenting that this undertaking shall be for the benefit of the Obligee, any sub-contractor, materialmen, laborer, person, firm or corporation having a just claim, subject to the Obligee’s priority, then this obligation shall be void; otherwise the same shall remain in full force and effect.”
Alday employed Adnarim Heating & Maintenance Co., Inc., as a subcontractor, to do the work and furnish the materials under these contracts and Adnarim then engaged plaintiff to supply the materials required.
In its third defense Columbia alleges that it executed the bonds upon a promise by Alday to pay certain premiums as compensation therefor, which were not paid, and that because of this there has been a failure of consideration, which discharged it from any liability.
The fourth and partial defense seeks to reduce any recovery by the amount of these unpaid premiums.
The execution and delivery of the primary contracts by the owners of the various premises to Alday was based upon the furnishing of a bond, and the fact that Columbia was willing to assume the obligation of surety without collecting its compensation from Alday was no concern of the obligees (or other beneficiaries) of the bond and does not affect the consideration for such undertaking insofar as these obligees (or other beneficiaries) are concerned. The consideration, as to them, was the execution of the contract.
*872 In Corpus Juris Secundum (Vol. 72, Principal and Surety, p. 550) the rule is stated as follows: “ The consideration for a suretyship contract need not move directly from the obligee to the surety, no direct benefit to the surety being necessary to support the contract; it is sufficient that a valuable consideration passes between the principal and the obligee.”
The fifth defense alleges that Columbia is relieved from liability because Alday was guilty of fraud in concealing the fact that its controlling officer, Sam Miranda, controlled corporations owning some of the premises affected by the undertaking and also the subcontractor corporation that actually did the work. There is set forth no claim that any of the obligees or beneficiaries participated in the alleged fraud. However, the allegation that Miranda controlled some of the owner corporations, who are obligees on the bonds covering those premises, would be sufficient to ascribe knowledge to them. As to those particular bonds, the plaintiff, as a third-party beneficiary, would not have any greater right than the obligees. Under these circumstances, defendant is permitted to replead this defense as a partial defense, relating only to the bonds covering said particular obligees, who are to be specified.
There is no question that the property owners are the dominant obligees, and that the plaintiff, as a third-party beneficiary, may have recourse to the bonds only to the extent that they remain untouched by the needs of the former. However, this does not defeat the right of plaintiff to bring the action, but may only be availed of by way of an affirmative defense.
The motion to strike out the defenses is granted with leave, however, if so advised, to replead the fifth defense as a partial defense.