Arthur G. Klein, J.
This case was tried before me without a jury, both sides waiving formal findings of fact.
In September, 1954, the plaintiff commenced an action in this court against Joseph Garofano, James Garofano and Patrick Garofano to enjoin the breach of a contract in which the Garofano s agreed, among other things, not to use a certain patented process purchased by the plaintiff from Joseph Garofano. Costs, and an accounting for profits and damages caused by the wrongr ful use of the patented process were also demanded. After trial, Mr. Justice Matthew M. Levy decided in favor of the plaintiff and an interlocutory judgment was entered enjoining the defendants from continuing to use the patented process. Costs were awarded to plaintiff in the sum of $161.85 and the defendants were directed to pay to the plaintiff the profits made by them, as well as all loss and damage caused by the use of the process. An Official Referee was appointed to ascertain the profits and the damage, and the judgment directed that, after the filing of the Referee’s report the plaintiff might move to add to the interlocutory judgment the amount of profits, loss and damages found by the Referee.
The defendants appealed to the Appellate Division and the undertaking which is the basis for the present action was executed and served upon the plaintiff’s attorneys.
The Appellate Division (2 A D 2d 115) modified the interlocutory judgment in a manner not material to this action but affirmed, with costs to the plaintiff, the portion which directed the accounting and payment of profits, loss and damage by the defendants in the original action. An appeal to the Court of Appeals was dismissed as not being an appeal from a final judgment (2 N Y 2d 778).
The accounting thereafter proceeded before the Official Referee who found that the plaintiff had sustained loss of profits and damages in the sum of $47,847.40, and his report was duly confirmed upon motion. Mr. Justice Levy in confirming the report directed the Clerk to add to the foot of the judgment the sum of $47,847.40, with interest, making the total amount of the judgment $60,526.91. Copies of the interlocutory and final judgments with notice of entry were served upon the attorney for the Garofanos and upon the defendant herein, and although duly demanded, payment has been refused, resulting in the present action against this defendant.
*727 Since the judgment from which the G-arofanos appealed was not for.“ a sum of money only ” the undertaking with which we áre here concerned would be ineffective under section 594 of the Civil Practice Act. Similarly it could not qualify under the provisions of sections 595-598 inclusive of the Civil Practice Act. A compulsory stay of execution could only have been obtained by the G-arofanos by means of a court order issued pursuant to section 598-a of the Civil Practice Act and the defendant specifically alleges no such order was granted. Therefore, since the undertaking in suit does not qualify as a statutory bond, only an action would lie to enforce it as a common-law bond according to its terms (Goodwin v. Bunzl, 102 N. Y. 224 ; Carl v. Meyer, 51 App. Div. 5 ; Sklar Cohen Woodworking Co. v. Owen, 177 App. Div. 796).
The undertaking states: “Whereas, the above named Joseph Garofano, James Garofano and Patrick Garofano, Defendants and appellants have appealed or intends [sic] to appeal to the Supreme Court, Appellate Division, First Department, from the judgment of this Court, in favor of the Plaintiff herein, restraining and enjoining the Defendants until the 27th day of February, 1969, from among other things, engaging in any business using a process covered by U. S. Letters Patent No. 2,642,390 and from decorating plastics with metal, etc., dismissing the counterclaim of the Defendants, awarding costs to the Plaintiff, directing that the defendants pay to the Plaintiff profits and appointing a Referee to ascertain the profits of the defendants and damages of the Plaintiff, which judgment was entered in the Office of the Clerk of New York County on the 4th day of August, 1955, and from each and every part of the judgment. ’ ’
The bond provides further that the defendant does “ also undertake, that if the judgment so appealed from, or any part thereof, is affirmed, or the appeal dismissed, the appellants, Joseph Garofano, James Garofano and Patrick Garofano, will pay the sum recovered or directed to be paid by the judgment or the part thereof as to which it is affirmed.”
The judgment appealed from contains the specific direction: “ Ordered, Adjudged and Decreed that the defendants pay to the plaintiff all, the loss and damage caused to plaintiff by the defendants’ use of the process covered by U. S. Letters Patent No. 2,642,390.”
The language used in the undertaking is clear and unambiguous and must be construed most favorably to the plaintiff (Moran v. Standard Oil Co., 211 N. Y. 187, 196). The defendant undertook, to- pay, if the. Garofanos did not, the sum recovered *728 or directed to be paid “ by the judgment or the part thereof as to which it is affirmed.” The judgment appealed from directed that the Garofanos pay to the plaintiff, besides the costs, “ all the profit made by them and all the loss and damage caused to plaintiff.” Clearly this comes within defendant’s undertaking to pay the sum directed to be paid. Nothing in the instrument indicates any intention to limit the undertaking to the costs awarded in the interlocutory judgment, as the defendant now claims. If that had been intended as the limit of liability, it would have been incumbent on the defendant to have specifically said so. That the defendant intended to write a bond for costs only furnishes no grounds for the court to change' the clear language of the undertaking. The defendant is bound by the plain terms of its undertaking rather than by what it might have intended, since in construing a plain contract, clear and explicit in its terms, a court is not at liberty, because of equitable considerations, to obviate objections which might have- been foreseen and guarded against (Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442). A simple answer is that if a provision is absent from a contract it cannot be supplied by the courts under the guise of construction or interpretation, their power being limited to giving effect only to the parties’ expressed intent. We concern ourselves with what the parties intended, but only to the extent that they evidenced what they intended by what they wrote (Wilson Sullivan Co. v. International Paper Makers Realty Corp., 307 N. Y. 20).
Upon receipt of the undertaking, the plaintiff agreed to refrain from taking any further steps in connection with the accounting, and consented to stay all further proceedings until the appeal was disposed and, in fact, nothing whatever was done to enforce any part of the interlocutory judgment until after the appeal had been finally disposed of. Thus, it appears that adequate consideration was given for the undertaking (Goodwin v. Bunzl, supra).
What transpired between the defendant here and the Garofanos is not material to the issue presented in this case. Neither the amount of the premium nor the failure to require collateral or security can affect the defendant’s liability. The consideration for a surety contract need not move directly from the obligee to the surety, no direct benefit to the surety being necessary to support the contract; it is sufficient that a valuable consideration passes between the principal and' the obligee (72 C. J. S., Principal and Surety, p. 550).
There is no force to defendant’s argument that custom and usage require this undertaking to be construed to cover only the *729 costs awarded in the interlocutory judgment. The undertaking is neither vague nor ambiguous.
Judgment is accordingly awarded to the plaintiff against the defendant in the amount of $60,870.39, with interest on $161.85 from August 4, 1955; on $181.63 from July 25, 1956 and on $60,526.91 from March 10, 1960, together with costs and disbursements. All motions on which decision was reserved are denied. Thirty days’ stay of execution and 60 days to make a case on appeal.