■ LIA RAPPAPORT V. GEORGE RAPPAPORT.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before March 22, 1962, with notice of argument for April 3, 1962, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ MASTERPIECE PRODUCTIONS, INC., v. WESTERN TELEVISION CORPORATION.— The branch of the motion seeking to dismiss the appeal taken by defendant-appellant from so much of the order as grants respondent's motion to strike defendant's answer is granted; that branch of the motion seeking to dismiss the appeal from the denial of the cross motion is denied. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ (A) In the Matter of RICHARD J. MORGAN, Deceased. CHARLES J. MORGAN, Appellant; DANIEL A. MORGAN, as Executor, Respondent.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before April 3, 1962, with notice of argument for the May 1962 Term of this court, said appeal to be argued or submitted when reached. (B) In the Matter of ROBERT S. TURTON, Deceased. HAROLD A. PENSO, Appellant; MARGARET TURTON et al., Respondents.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before April 3, 1962, with notice of argument for the May 1962 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

## (February 21, 1962)

■ G. M. C. PROCESS CORP., Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.— ▮▮▮▮▮▮▮ It is clear that both the issuer of the bond and the attorney who procured its issuance intended that the bond should cover only costs and so understood it. Their interpretation is not negatived with any certainty by the bond form itself. In the circumstances it was incumbent on plaintiff to show that its interpretation of the bond provisions and its reliance thereon were reasonably justified. No reasonable basis was shown, however, upon which plaintiff could have construed the bond in question as undertaking to indemnify it for an unspecified and unlimited amount of damages and lost profits. Moreover, there is evidence that could be susceptible of the inference that plaintiff by its attorney was aware of the understanding of defendant and the attorney who procured the issuance of the bond, but designedly chose to ignore it. Settle order on notice. Defendant's appeal from the order dated June 9, 1961 denying its motion to set aside the decision dated May 17, 1961 and to dismiss the complaint is dismissed, without costs. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.

■ RALPH PAGAN et al., Respondents, v. LITTLE CAB CORP., Appellant.—