**UNITED STATES of America,**
**Plaintiff,**
v.
**SPICE N NICE, INC., Harry Feffer,**
**Julius L. Eichenbaum and Sylvia**
**Eichenbaum, Defendants.**

**No. 66 Civ. 2624.**

United States District Court
S. D. New York.

Jan. 10, 1967.

Robert M. Morgenthau, U. S. Atty. for S. D. N. Y., by Judith N. Stein, Asst. U. S. Atty., New York City, for plaintiff.

Finke, Jacobs & Hirsch, New York City, for defendants.

## MEMORANDUM DECISION

MANSFIELD, District Judge.

Plaintiff moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in this action in which plaintiff seeks to reduce to judgment an indebtedness based upon a promissory note executed by defendant Spice N Nice, Inc., and guaranteed by defendants Harry Feffer, Julius L. Eichenbaum and Sylvia Eichenbaum. Relief is sought only against Harry Feffer, the other defendants having defaulted.

The note in question was dated May 27, 1965, and was executed by defendant Spice N Nice, Inc., by Harry Feffer President, in the amount of $15,000 plus interest at the rate of 5½% per year. The note provided that upon default in the payment of any part of the indebtedness when due the payee was authorized to declare the indebtedness immediately payable. On or about January 27, 1966, the defendant Spice N Nice, Inc. defaulted in the payment of an installment of the indebtedness. The defendants were thereafter given written notification that the Small Business Administration had elected to accelerate the note and that it demanded payment of the principal.

The complaint, dated August 12, 1966, was served on all defendants. Harry Feffer filed an answer on September 30, 1966, generally denying all the material allegations of the complaint and affirmatively alleging that he had guaranteed the note as a result of undue influence and moral restraint upon him by the defendant Julius L. Eichenbaum. No other defendant answered.

Plaintiff's motion for summary judgment is supported by affidavit and documentary proof establishing each material fact alleged, including photocopies of the note and the Small Business Administration's letters to the defendants accelerating the note and demanding payment. Defendant Feffer, while conceding that he guaranteed the note, opposes on the ground that he "has no knowledge of the funds received by the defendant corporation from the Small Business Administration", and that there is no showing of any consideration having been received by him for his guarantee.

A party may not take refuge behind unsupported general denials and ignorance of the facts in order to raise a material factual issue under Rule 56. Feffer was under an obligation either to controvert plaintiff's supporting affida-

vit or to explain why he could not present his version of the facts. Belinsky v. Twentieth Restaurant, Inc., 207 F.Supp. 412 (S.D.N.Y.1962); Meyers v. District of Columbia, 17 F.R.D. 216 (D.D.C.1955). He did neither.

The original note reveals that the obligor, Spice N Nice, Inc., received consideration, and the plaintiff's affidavit and other papers make it clear that the Small Business Administration extended a loan to the obligor in exchange for the note. Plaintiff is entitled to enforce the guarantee upon showing that Feffer received consideration for it. The consideration paid by the plaintiff to the original obligor is sufficient. G. M. C. Process Corp. v. United States Fidelity & Guar. Co., 28 Misc.2d 725, 729, 216 N.Y.S. 2d 472 (1961), modified on other grounds, 15 A.D.2d 766, 224 N.Y.S.2d 540 (1st Dept.1962), affd. without opinion, 12 N.Y.2d 1053, 239 N.Y.S.2d 881, 190 N.E. 2d 241 (1963); New York Plumbers Specialties Co. v. Columbia Cas. Co., 27 Misc.2d 870, 207 N.Y.S.2d 927 (1960), reversed on other grounds, 13 A.D.2d 449, 211 N.Y.S.2d 824 (1st Dept.1961).

Feffer's affirmative defense is insufficient at law and, therefore, would present no material factual issue even if it had been asserted by affidavit or otherwise supported. Whatever duress may have been exercised on Feffer by a coguarantor is irrelevant so long as the payee played no role in the coercive activity. In United States of America v. Basil's Family Supermarket, Inc. et al., 259 F.Supp. 139 (Aug. 31, 1966, S.D. N.Y.) (memorandum decision), Judge Tenney stated:

> "It is well settled that when the prime obligor has fraudulently induced a person to sign as guarantor, such fraud may not be used as a defense against the obligee in an action on the note unless the obligee participated in the fraud. Rabon v. Putnam, 164 F.2d 80 (10th Cir. 1947); Standard Sur. & Cas. Co. of New York v. Olson, 150 F.2d 385 (8th Cir. 1945); Stearns, Suretyship 108 (4th ed. 1934)."

Defendant Feffer has presented no evidence of plaintiff's being connected in any way whatsoever with the duress. Accordingly,

It is ordered: That the plaintiff have judgment against the defendant Harry Feffer in the amount of $10,878.49, plus interest and costs according to law.