■  BEACON URBAN RENEWAL AGENCY, Appellant, v DAVID KYRIAZIS et al., Respondents, et al., Defendant.—In a condemnation proceeding, the Beacon Urban Renewal Agency appeals from an order of the Supreme Court, Dutchess County, entered December 29, 1976, which confirmed the supplemental report of the Commissioners of Appraisal. Order affirmed, with costs. Respondents' appraisal, as compared with the one submitted by appellant, was exhaustive, complete and in-depth. The confirmation of the report was therefore based on substantial evidence. Damiani, J. P., Titone, Suozzi and O'Connor, JJ., concur.

■  THERESA BRUSCA, Respondent, v ROBERT MASCHINO, Doing Business as ALL SUFFOLK PAINTING & DECORATING COMPANY, Appellant.—In a proceeding to vacate a mechanic's lien, defendant appeals from (1) an order of the Supreme Court, Suffolk County, entered June 2, 1977, which, upon his default, denied his motion (a) to be relieved of a prior default and (b) for leave to interpose an answer and (2) a further order of the same court, dated July 5, 1977, which, *inter alia,* denied his renewal motion for the same relief. Appeal from the order entered June 2, 1977 dismissed, without costs or disbursements. No appeal lies from an order made on default. Order dated July 5, 1977 reversed, without costs or disbursements, and motion granted. There is no inherent power in a court to discharge a mechanic's lien independent of statutory authority *(Benton v Wickwire,* 54 NY 226; *Madden v Lennon,* 23 Misc 79). On the record before it, Special Term had no statutory basis upon which to vacate the lien; strict compliance with the Lien Law is necessary for a vacatur. Moreover, it was an abuse of discretion for Special Term not to open the default since defendant presented a viable excuse. Martuscello, J. P., Titone, Gulotta and Hawkins, JJ., concur.